**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **CENTENNIAL INSURANCE COMPANY,** | ) ) ) | |
| PLAINTIFF | ) ) | |
| v. | ) ) | CIVIL NO. 07-63-P-H |
| **ROBERT PATTERSON,** | ) ) | |
| DEFENDANT | ) | |

**MEMORANDUM DECISION ON DEFENDANT'S MOTION TO DISMISS**

The question here is whether the scope of indemnity, in addition to the cost of defense, is to be used in determining whether an insurer has met the jurisdictional amount in a declaratory judgment lawsuit over insurance coverage. I conclude that both may be counted.

Centennial Insurance Company ("Centennial") seeks a declaratory judgment, 28 U.S.C. § 2201, to determine its obligation to defend and indemnify Robert Patterson. Jurisdiction is based upon diversity of citizenship. 18 U.S.C. § 1332. Patterson (along with many others) is a defendant in a *pro se* lawsuit brought by Carol Murphy. Compl. for Declaratory Relief (Docket Item 1). In that lawsuit, Murphy's complaint seeks compensatory damages of $800,000,000 jointly and severally against all the defendants she has named, including Patterson. Second Am. Judicial Br. ¶¶ 184-85, 266 (Docket Item 1-3).

Centennial insures Patterson (Veterinarians Professional Liability insurance). The policy liability limit is $100,000 for each claim, and $300,000 in the aggregate. Ex. A attached to the Compl. for Declaratory Relief at 1 (Docket Item 1-2). But Centennial argues that it has no duty of defense or indemnification given the nature of Murphy's claims against Patterson. Compl. ¶ 3.

Patterson has moved to dismiss Centennial's request for declaratory relief. Patterson asserts that the amount in controversy does not exceed $75,000, the amount required for diversity jurisdiction. The motion is **DENIED**.

It is undisputed that diversity of citizenship exists. Def.'s Mot. to Dismiss for Lack of Jurisdiction at 1 (Docket Item 6). The only question is whether the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a). Patterson's position is that "[t]he amount in controversy here is limited to the cost of defending the insured and does not include the cost of potential indemnity," Mot. to Dismiss at 2, because Maine law distinguishes between the duty to defend and the duty to indemnify. Id. But the law of this Circuit, as well as a majority of the federal courts, is that the "obligation [to defend] is so interwoven with the obligation to indemnify" that the amount in controversy in a declaratory action necessarily includes both. Maryland Cas. Co. v. United Corp., 111 F.2d 443, 447 (1st Cir. 1940); Meridian Sec. Ins. Co., v. Sadowski, 441 F.3d 536, 539 (7th Cir.) (citing authority from numerous federal circuits in support of the proposition that "potential indemnity obligations count toward the jurisdictional minimum"); see

also Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 14B Federal Practice & Procedure § 3710 at 267-268 (3d ed. 1998) (stating that federal courts have roundly rejected the argument that "in a suit for a declaration of noncoverage, the only controversy existing at that point is the insurer's obligation to defend, and therefore the value of the attorney fees should be the measure of whether the amount in controversy requirement has been satisfied."). Centennial's lawsuit, as it currently is framed, seeks a declaration of both the duty to defend and the duty to indemnify. Although Patterson may consider Murphy's claims frivolous and certain never to result in any judgment in her favor, it is premature for me to reach that conclusion in this declaratory judgment lawsuit over coverage. For this lawsuit, potential indemnity is considered along with defense costs. As a result, Centennial has alleged sufficient facts "indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Dep't of Recreation and Sports v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991). The defendant's motion to dismiss is **DENIED**.

    **SO ORDERED.**

    **DATED THIS 24TH DAY OF JULY, 2007**

    /S/D. BROCK HORNBY
    **D. BROCK HORNBY**
    **UNITED STATES DISTRICT JUDGE**