UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


| | |
|---|---|
| CENTENNIAL INSURANCE COMPANY, ) ) ) | |
| Plaintiff ) ) | |
| v. ) ) | Docket No. 07-63-B-H |
| ROBERT PATTERSON, ) ) | |
| Defendant ) | |


AMENDED RECOMMENDED DECISION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT[1]


Both parties to this action concerning the coverage provided by an insurance policy seek summary judgment. I recommend that the court grant the motion of the defendant and deny the motion of the plaintiff.

I. Summary Judgment Standards

A. Federal Rule of Civil Procedure 56

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Santoni v. Potter*, 369 F.3d 594, 598 (1st Cir. 2004). "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant. By like token, 'genuine' means that 'the evidence about the fact is such that a reasonable jury could resolve

---

[1] This recommended decision is amended by replacing the word "defendant" in the fourth line of the final paragraph on page 7 with the word "plaintiff."

1

the point in favor of the nonmoving party.'" *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93-94 (1st Cir. 2001) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Santoni,* 369 F.3d at 598. Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(e). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

"This framework is not altered by the presence of cross-motions for summary judgment." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 6 (1st Cir. 2003). "[T]he court must mull each motion separately, drawing inferences against each movant in turn." *Id*. (citation omitted); *see also, e.g., Wightman v. Springfield Terminal Ry. Co*., 100 F.3d 228, 230 (1st Cir. 1996) ("Cross motions for summary judgment neither alter the basic Rule 56 standard, nor warrant the grant of summary judgment *per se*. Cross motions simply require us to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed. As always, we resolve all factual disputes and any competing, rational inferences in the light most favorable to the [nonmovant].") (citations omitted).

## B. Local Rule 56

The evidence the court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment is circumscribed by the Local Rules of this District. *See* Loc. R. 56. The moving party must first file a statement of material facts that it claims are not in dispute. *See* Loc. R. 56(b). Each fact must be set forth in a numbered paragraph and supported by a specific record citation. *See id*. The nonmoving party must then submit a responsive "separate, short, and concise" statement of material facts in which it must "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts[.]" Loc. R. 56(c). The nonmovant likewise must support each denial or qualification with an appropriate record citation. *See id*. The nonmoving party may also submit its own additional statement of material facts that it contends are not in dispute, each supported by a specific record citation. *See id*. The movant then must respond to the nonmoving party's statement of additional facts, if any, by way of a reply statement of material facts in which it must "admit, deny or qualify such additional facts by reference to the numbered paragraphs" of the nonmovant's statement. *See* Loc. R. 56(d). Again, each denial or qualification must be supported by an appropriate record citation. *See id*.

Failure to comply with Local Rule 56 can result in serious consequences. "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Loc. R. 56(e). In addition, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment" and has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of fact." *Id*.; *see also, e.g., Cosme-Rosado v. Serrano-Rodriguez*, 360 F.3d 42, 45 (1st

3

Cir. 2004) ("We have consistently upheld the enforcement of [Puerto Rico's similar local] rule, noting repeatedly that parties ignore it at their peril and that failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted.") (citations and internal punctuation omitted).

## II. Factual Background

The plaintiff, Centennial Insurance Company, is a New York corporation authorized to do business in Maine. Defendant Robert Patterson's Statement of Material Facts ("Defendant's SMF") (Docket No. 21) ¶ 1; Plaintiff's Response to Defendant Robert Patterson's Statement of Material Facts ("Plaintiff's Responsive SMF") (Docket No. 25) ¶ 1. The defendant, Robert Patterson, is a Maine resident and a doctor of veterinary medicine who engaged in the practice of veterinary medicine in the state for 30 years, including the period from January 1, 2003 to January 1, 2006. *Id*. ¶¶ 3-4. The plaintiff issued veterinarians professional liability insurance policies to the defendant bearing policy number 474019880 for policy periods of January 1, 2003 to January 1, 2004 and January 1, 2004 to January 1, 2005. *Id*. ¶ 5.

In the summer of 2006, Carol Murphy commenced an action in this court, Docket No. 06-62-B-W, against a number of individuals, including the defendant (the "underlying action"). *Id*. ¶ 7.[2] The defendant submitted a copy of Murphy's filing to the plaintiff and requested that it tender a defense on his behalf. *Id*. ¶ 8.[3] The plaintiff denied that it had a duty to defend or indemnify the defendant with respect to the Murphy action. *Id*. ¶ 9. On or about September 21, 2006, Murphy filed a document entitled "Second Amended Judicial Brief" in the underlying

---

[2] The plaintiff objects to this paragraph of the defendant's statement of material facts on the ground of relevance. Plaintiff's Responsive SMF ¶ 7. The paragraph merely presents necessary background information. The objection is overruled.
[3] *See* footnote 1, *supra*.

4

action. *Id.* ¶ 10. The Murphy complaint named more than 80 defendants, including the defendant here. *Id.* ¶ 12. The defendant demanded that the plaintiff defend and indemnify him with respect to claims asserted by Murphy in the Second Amended Judicial Brief; the plaintiff denied coverage and refused to defend him. *Id.* ¶¶ 13-14.

On or about June 25, 2007 the Murphy complaint was dismissed by order of the United States District Court for the District of Rhode Island, to which the case had been transferred. *Id.* ¶ 31.[4] The defendant engaged an attorney to represent him with respect to the Murphy action and has incurred and paid $121.00 in attorney's fees relating to this action. *Id.* ¶¶ 32-33. As of November 26, 2007 the defendant has paid $3,036 in legal fees in connection with establishing the plaintiff's duty to defend him in the underlying action and he continues to incur such fees. *Id.* ¶ 34.

The insurance policy issued to the defendant by the plaintiff included the following relevant terms:

> If the Named Insured is an individual, the Company shall pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of a Veterinary Incident occurring during the certificate period shown in the Declarations.
>
> * * *
>
> Veterinary Incident means any malpractice, negligent act or omission, utterance or publication of a libel or slander, or other defamatory or disparaging material:
>  1. in the furnishing of professional veterinary services . . . by the Named Insured or by any person for whom the Named Insured is legally responsible.
>
> * * *

---

[4] The plaintiff objects to this paragraph of the defendant's statement of material facts as "not relevant to a determination of the Plaintiff's duty to defend Defendant in the Murphy Second Amended Judicial Brief." Plaintiff's Responsive SMF ¶ 31. To the contrary, it presents very relevant background information. The objection is overruled. The plaintiff also asserts that "this statement should be considered by the Court in dismissing this case without prejudice as moot." *Id.* Judge Hornby of this court denied the plaintiff's motion to dismiss on this basis on September 20, 2007, Docket No. 19, well before the plaintiff submitted its responsive statement of material facts, Plaintiff's Responsive SMF at 12. The plaintiff's second assertion in its response to paragraph 31 has no bearing on the pending motions for summary judgment.

> This certificate does not apply to Claim or Suit based upon, arising out of, or related to: . . .
> > E. any theft of any animal. . . .
> > H. any actual or alleged:
> > > 1. dishonest, fraudulent, criminal, malicious act or malicious omission by any Insured;
> > > 2. willful violation of any law, statute, ordinance, rule or regulations by any Insured.

Defendant's SMF ¶¶ 27-28, 30; Plaintiff's Responsive SMF ¶27-28, 30.

### III. Discussion

Under Maine law, which is applicable here, the question whether an insurer has an obligation to defend its insured against a complaint is a question of law. *Bucci v. Essex Ins. Co.*, 393 F.3d 285, 290 (1st Cir. 2005). "Maine resolves the question of whether there exists a duty to defend by comparing the complaint with the terms of the insurance contract." *Id*. (citation and internal punctuation omitted). An insurer has a duty to defend if the underlying complaint discloses a potential or a possibility for liability within the coverage terms of the policy. *Id*. Here, because the underlying complaint has been dismissed, the question of the duty to indemnify under the terms of the policy will not be reached.

In construing the underlying complaint, a court must determine whether there is any legal or factual basis that could be developed at trial that would obligate the insurer to pay under the policy. *J.A.J., Inc. v. Aetna Cas. & Sur. Co.*, 529 A.2d 806, 808 (Me. 1987). The fact that the complaint in the underlying case at issue here has been dismissed is not determinative; a legally insufficient complaint may nonetheless give rise to a duty to defend if it shows an intent to state a claim that is within the coverage. *Travelers Indem. Co. v. Dingwell*, 414 A.2d 220, 226 (Me. 1980). The defendant relies, Defendant Robert Patterson's Motion for Summary Judgment, etc. ("Defendant's Motion") (Docket No. 20) at 5-6, on the following policy language: "[T]he Company shall pay on behalf of the Insured all sums which the Insured shall become legally

6

obligated to pay as damages because of a Veterinary Incident[,]" Defendant's SMF ¶ 27, Plaintiff's Responsive SMF ¶ 27. There is no question that the defendant is the insured under the applicable policy or policies.

The defendant points out the following entries in the underlying complaint, which is entitled "Second Amended Judicial Brief," and a copy of which is Exhibit B to the complaint in this action: (i) an allegation that the defendant was sued in his corporate and individual capacities "doing business from . . . Farmington, Maine[;]" (ii) allegations that the defendant's examination and report on the condition and health of certain animals were incomplete and/or lacking and wrong in their results; (iii) allegations that the defendant wrongfully performed examinations of the animals without Murphy's permission; and statements that Murphy sought compensatory damages because the defendant deprived her of her right to be protected from negligence, libel and slander, as well as a direct allegation of libel. Plaintiff's Motion at 6-7.

The plaintiff takes the position that the 60-page underlying complaint does not allege a "Veterinary Incident" and that all of its allegations against the defendant arise out of his testimony "at the Animal Possession Hearing." Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Opposition") (Docket No. 24) at 9. The plaintiff asserts that "there are no claims of any malpractice, any negligent acts, or any negligent omissions in the provision of professional veterinary services" in the underlying complaint. *Id*. at 10.[5] It further avers that "there are no factual allegations of libel, slander or defamation on the part of [the defendant] set forth anywhere in the Second Amended Judicial Brief[.]" *Id*. at 11-12. In the alternative, the plaintiff argues, *id*. at 13, that coverage for any

---

[5] The plaintiff's own motion for summary judgment is virtually identical to its opposition to the defendant's motion for summary judgment. On this point, *see, e.g.,* Plaintiff's Motion for Summary Judgment, etc. (Docket No. 26) at 7-8. Because the two motions do not differ in their arguments, I will cite only to the documents filed in connection with the earlier-filed defendant's motion.

claims asserted in the underlying complaint is excluded by the policy language excluding from coverage claims "based upon, arising out of, or related to" fraud, criminal or malicious acts or willful violation of any statute, ordinance, law, rule or regulation, Defendant's SMF ¶ 30; Plaintiff's Responsive SMF ¶ 30.

These two opposing interpretations of the underlying complaint must be evaluated in light of the Maine Law Court's admonition that "[i]t is not essential that the complaint specifically and unequivocally make out a claim within the policy." *J.A.J.*, 529 A.2d at 808. The defendant refers to the following paragraphs of the underlying complaint in support of his position: 1-2, 40, 129, 184-85 and 247.  Defendant's Motion at 6-9; Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (Docket No. 32) at 2-3.

My own review of these paragraphs of the underlying complaint leads me to conclude that the defendant's motion for summary judgment should be granted.  Contrary to the defendant's suggestion, Defendant's Motion at 6, however, I do not find any possible claim that would fall within the policy's coverage in the mere naming of the defendant in the caption to the complaint as "ROBERT PATTERSON D.V.M. in his corporate and individual capacity," Second Amended Judicial Brief (Attachment B to Complaint) at 3 [sic].  Similarly, the fact that paragraph 40 of the underlying complaint further identifies the defendant as "doing business from . . . Farmington, Maine 04938[,]" Defendant's SMF ¶ 24; Plaintiff's Responsive SMF ¶ 24; Defendant's Motion at 6, does not serve to bring the claims in the underlying complaint within the coverage of the plaintiff's policy.

Paragraph 1 of the underlying complaint must be construed to state a claim or claims against this defendant, who is not a "State Official[]" or a law enforcement officer, but it is

reasonable to include him among the "others" listed in that paragraph, particularly because the second paragraph, which clearly refers to the first, includes allegations that are later made particularly against this defendant and because the introduction to both paragraphs states that the plaintiff "sues the above captioned parties, jointly, severally and individually . . . and for causes of action . . . make[s] the following statements[.]" Second Amended Judicial Brief ¶¶ 1-2. Those allegations include "libel, slander, malfeasance, misfeasance[ and] nonfeasance[.]" *Id*. ¶ 2. The policy language at issue includes libel or slander "in the furnishing of professional veterinary services." Defendant's SMF ¶ 28; Plaintiff's Responsive SMF ¶ 28. Paragraph 129 of the underlying complaint states that the defendant "testified" in a certain way, and this testimony could only have taken place during the "Animal Possession Hearing" which the complaint alleges was held in Lewiston, Maine, on March 19, 2004 before a state district court judge. Second Amended Judicial Brief ¶¶ 127, 129. The defendant could only have been testifying in that proceeding as a veterinarian; that act of testifying constituted "the furnishing of professional veterinary services" within the meaning of that term as used in the policy at issue. The plaintiff contends, without citation to authority, that "the furnishing of professional veterinary services" can only involve malpractice, negligent acts or negligent omissions in the provision of professional veterinary services, Plaintiff's Opposition at 10, but the policy definition includes the "utterance or publication of a libel or slander" in its coverage, an event that is unlikely to occur while a veterinarian is physically treating an animal. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Jacobson*, 48 F.3d 778, 782 (4th Cir. 1995) ("professional services" include acts which necessarily require application of professional knowledge and special skills for purposes of determining coverage under insurance policy). Testifying as a professional veterinarian, and as an expert witness, must logically be included in the scope of "professional

veterinary services," absent any definition in the policy that would exclude such activity. The plaintiff has not identified any such definition in the policy at issue.

Paragraph 184 of the underlying complaint may reasonably be construed to allege that the defendant treated Murphy's animals without her permission, which may reasonably be construed as an allegation of a negligent act or omission in the furnishing of professional veterinary services. Second Amended Judicial Brief ¶ 184. Paragraph 247, although inartfully stated in the manner of most *pro se* litigants, may reasonably be construed to allege libel against all defendants, including the defendant here.[6] These conclusions make it unnecessary to determine whether the other specific allegations of paragraph 184 and those of paragraph 185 also state claims that come within the policy's coverage.

It is necessary to consider the plaintiff's alternative argument that Exclusion H of the policy excludes coverage for all of the allegations in the underlying complaint. Plaintiff's Opposition at 13-14. The plaintiff contends that the underlying complaint alleges only dishonest, fraudulent, criminal or malicious acts or omissions by the insured or willful violation of law, statute, ordinance, rule or regulation, which are among the exclusions established by Exclusion H. Defendant's SMF ¶ 30; Plaintiff's Responsive SMF ¶ 30. Contrary to the plaintiff's contention, the fact that the *pro se* plaintiff in the underlying action concluded her litany of allegations in paragraph 184 of the underlying complaint with the statement "All are criminal acts[]" does not mean that everything she has alleged against the defendant is in fact a criminal act. Reading the complaint broadly, as I must under Maine law for the purpose of evaluating the

---

[6] The plaintiff contends that, while paragraph 2 of the underlying complaint refers to libel and slander, "there are no factual allegations of libel, slander or defamation on the part of Dr. Patterson set forth anywhere in the Second Amended Judicial Brief, though there are numerous allegations of perjury by Dr.. Patterson as a witness in the criminal trial." Plaintiff's Opposition at 11-12. First, it is not clear that there was a criminal trial. The complaint refers to an "animal possession hearing" and a "criminal trial" as apparently the same thing, Second Amended Judicial Brief ¶¶ 127, 129, 184, which they clearly are not. More important, it is the alleged perjury that constitutes the alleged slander or libel, terms which the *pro se* plaintiff uses interchangeably. The content of the alleged perjury is specified. *Id*. ¶¶ 129, 184.

duty of an insurer to defend its insured, *J.A.J.*, 529 A.2d at 808, I conclude that Exclusion H does not bar coverage for all of the claims asserted in the underlying complaint.

The defendant's argument concerning recovery of the attorney fees he incurred in this action, Defendant's Motion at 5, is premature. This court will address that question when and if a dispute arises between the parties on that issue and the dispute is properly presented pursuant to Local Rule 54.2.

## IV. Conclusion

For the foregoing reasons, I recommend that the defendant's motion for summary judgment (Docket No. 20) be **GRANTED** and the plaintiff's cross-motion (Docket No. 26) be **DENIED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of February, 2008.

/s/ David M. Cohen  
David M. Cohen  
United States Magistrate Judge